[Crim. No. 352.   First Appellate District.—September 23, 1911.]

THE PEOPLE, Respondent, v. HARUZO NITTA, Appellant.

CRIMINAL LAW—CONSENT AND CONNIVANCE TO PLACING OF WIFE IN HOUSE OF PROSTITUTION—PERMISSION TO REMAIN—PROOF—VARIANCE—SUPPORT OF VERDICT.—Where an information charged that the defendant did willfully connive at, consent to, and permit the placing and leaving of his wife in a house of prostitution, and that he did then and there willfully permit and allow her to remain therein, an objection that there was a variance in proof, because the evidence showed that the defendant directly placed his wife therein, is untenable, where there was further proof clearly supporting the charge that he permitted his wife to remain in such house.

ID.—SUFFICIENT PROOF OF CHARACTER OF HOUSE.—The proof of the character of the house as a house of prostitution was sufficient. Several police officers familiar with the premises testified to its general reputation as being a house of prostitution, in which gaudily dressed Japanese girls were accustomed to sit and receive in their rooms the visits of Chinese men, and that during the time when defendant's wife remained therein she and the woman keeper followed the calling of prostitutes.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Wm. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Philip C. Boardman, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, Deputy Attorney General, for Respondent.

HALL, J.—Defendant was convicted for violating the provisions of section 266g of the Penal Code, and upon judgment being rendered appealed to this court.

It is charged in the information that the defendant did willfully connive at, consent to and permit the placing and leaving of his wife in a house of prostitution, and that he did then and there willfully permit and allow her to remain there.

It is contended that the verdict is not supported by the evidence, because the evidence shows that the defendant placed his wife in the house of prostitution, and the argument is that this state of facts does not support a charge of conniving at, consenting to or permitting the placing of his wife in such house.

The information, however, also charges him with permitting his wife to remain in such house of prostitution, which act constitutes a complete offense.

The evidence shows that the defendant placed his wife in the house in question on a given date, and received from the keeper thereof $350, and departed, leaving his wife in the house, where she remained, and for several months followed the calling of a prostitute. Subsequently after an interval of several months, defendant returned and demanded of his wife that she give him $250. This she did, on his agreeing to a separation after the Japanese custom, paying the money from her earnings as such prostitute.

Whether or not the evidence may be said to support a charge of conniving at the placing of the wife in a house of prostitution or not, it certainly supports the charge that he permitted her to remain in such house, which is all that is required to support a conviction under the information. (*People* v. *Shotwell,* 27 Cal. 403; *People* v. *Frank,* 28 Cal. 507; *People* v. *Sheldon,* 68 Cal. 434, [9 Pac. 457].)

It is also contended that the character of the house was not sufficiently proved. This is also without merit. Several witnesses, police officers, testified to the general reputation of the premises as being a house of prostitution, and which they described as consisting of the third floor of a certain house containing little rooms, at the door of which gaudily dressed Japanese girls were accustomed to sit, and in which rooms they received the visits of Chinese men. At the entrance to the premises was a sign "No white men allowed." During the time the wife of defendant remained in the house there were no other inmates, but during such time she and the keeper, a woman, followed the calling of prostitutes. The character of the house was amply proved.

No other points are made for a reversal, and the judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.