[Crim. No. 478.   First Appellate District.—May 25, 1914.]

THE PEOPLE, Respondent, v. SAMUEL GRUBB, Appellant.

CRIMINAL LAW—PANDERING—ATTEMPT TO COMMIT—SUFFICIENCY OF EVIDENCE.—The law recognizes such a crime as an attempt to commit pandering, and the evidence in this case is sufficient to support the verdict of conviction of an attempt to commit the offense of procuring a place for a female as an inmate of a house of prostitution.

Id.—Attempt to Commit Crime—What Constitutes.—To constitute
the crime of an attempt to commit a crime, the acts of the defendant
must go so far that they would result in the accomplishment of the
crime unless frustrated by extraneous circumstances, and the refusal
of a female to accept the place procured for her in a house of pros-
titution is such an extraneous circumstance, where the crime charged
is an attempt to commit pandering.

Id.—Attempt to Commit Pandering—What Constitutes.—Where a
man in Los Angeles makes arrangements by letter with a keeper of
a house of prostitution in San Francisco for a woman in Los An-
geles to enter such house for purposes of prostitution, and assists
the woman in leaving Los Angeles and going to San Francisco, and
she is there met by the keeper and taken to the house, he is guilty
of an attempt to commit pandering, although the woman stays in
the house only a few hours and leaves it without there engaging in
sexual intercourse.

Id.—Venue of Crime—Offense Partly Committed in Two Counties.
The crime in such case may, under section 781 of the Penal Code,
be prosecuted either in Los Angeles County or in the city and county
of San Francisco.

Id.—Evidence—Commission of Similar Offenses.—In such prosecution
evidence is admissible, for the purpose of showing the intent of the
accused, that about a year before he committed a similar offense.

Id.—Instructions to Jury—When Do not Amount to Coercion.—
Where, on a trial for pandering, the original charge to the jury
makes no reference to the right to find the accused guilty of an
attempt to commit the crime, it is not coercion for the court to give
an instruction on the subject of attemping to commit the offense,
where the jury requests such upon their return to the courtroom for
further instructions.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order refus-
ing a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

E. T. Barrett, and Carl E. Lindsay, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan,
Deputy Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was charged by informa-
tion with the crime of pandering, alleged to have been com-
mitted by willfully and feloniously procuring for a female

person a place as an inmate of a house of prostitution. He was tried, and convicted of an attempt to commit pandering, and sentenced to three and one-half years' confinement in a state prison.

From the record it appears that the defendant, upon learning .from the prosecutrix (both of whom were at that time residing in Los Angeles)· that she would like to go to San Francisco and there take up her residence, suggested to her that he could arrange for her to stay with a lady friend of his in that city, who, he said, had been his mistress, and who was at the present time there conducting a house of prostitution at 620 Jackson Street. With the consent of the prosecutrix the defendant communicated with the keeper of that house, whose name was Rose Marks, and ultimately it was arranged that the prosecutrix should go to San Francisco and stay with Rose Marks for the purpose, according to the testimony of the prosecutrix, of engaging in the lodging house business. The communications passing between the defendant and Rose Marks, as narrated to the witness Wiskotchill by the defendant, are testified to by the witness as follows: "He said he did write a letter to this Rose Marks, asking her if she could use another girl in this house . . . and that he received a reply from Rose Marks saying yes, that she could use another girl. ·He said he then answered that letter and said he would send her up." The defendant assisted the prosecutrix in leaving Los Angeles, and she was met at San Francisco by Rose Marks as had been previously arranged between the latter and the defendant, and was immediately escorted by her to the Jackson Street resort. Upon arriving there Rose Marks assisted the prosecutrix to remove her wraps, and showed her to a room, saying, "Now this will be your room." The latter remained in that house that night four or five hours, and during that time was importuned to engage in sexual intercourse by visitors to the brothel, but refused all such importunities. About 2 o'clock that night the prosecutrix and Rose Marks left the Jackson Street house and spent the remainder of the night at a hotel. The next day they returned to 620 Jackson Street for a short time, and then went househunting, apparently looking for a place where they as partners and keepers could conduct the business of prostitution. The record also shows that

about a year prior to the circumstances giving rise to this case the defendant was in Los Angeles looking for girls for Rose Marks's house, and that upon that occasion he sent a girl to her house in San Francisco, who remained there for several months as a prostitute.

Whatever may have been the intent and purpose of the prosecutrix in coming to San Francisco, whether, as she claimed, to keep a respectable lodging house with Rose Marks, or to engage in prostitution, it is plain that the evidence warrants the conclusion that the defendant intended that she should occupy a room in the house of Rose Marks for the latter purpose. He did all he was in a position to do to effect that end, and the realization of his purpose was only defeated by the refusal of the prosecuting witness to engage in prostitution in the room procured for her. The evidence, therefore, supports the verdict of an attempt to commit the crime charged, unless as asserted by defendant there is no such crime known to our law as an attempt to commit pandering.

It is not disputed by appellant that a person prosecuted for a crime may be convicted of an attempt to commit it; but it is asserted that there are some crimes the nature of which precludes the possibility of an "attempt" to commit them; that the person charged is either guilty of the completed offense or not at all, and that the offense of pandering comes within this class. As an illustration the crime of assault with intent to commit rape is cited, where the attempt to commit the rape is the assault itself. And the reason why it is not possible to commit the offense of an attempt to pander, is stated by the appellant to be that the essential ingredient in this crime, as charged against the defendant, is an intention on the part of the female, for whom a room or place is procured, to occupy it for the purpose of prostitution; and that where no such intent is shown to exist all other acts are mere preparation; and that when such intent is shown to exist the crime is complete, and is not an attempt.

So far as the general proposition is concerned as to the impossibility of attempting to commit the offense of procuring a place for a female person as an inmate of a house of prostitution, we think it quite clear that such an attempt is possible. An illustration readily occurs to the mind. If

A, being a prostitute, requests B, her friend, to procure for her a room for the purpose of prostitution in the house of C, and B applies to C for such room, and his request is refused, it seems quite clear that an attempt to commit the crime has been made by B, but has failed of completion by the refusal of C to give the room. And, while the case is not so clear as the illustration given, it also seems to us that if B procures from C a room in the latter's house of prostitution for A, having reason to believe and with the intent that A will occupy it for the purpose of prostitution, and C in concert with B introduces A into that room for that purpose, an attempt has been made by B to commit the crime of procuring a place for A as an inmate of a house of prostitution, although the offense is not completed because A, for reasons totally disconnected with B, refuses to occupy the room for the purpose indicated. But for the refusal of A to occupy the place for the purpose intended by B, B's offense would have been complete.

To constitute the crime of an attempt to commit a crime, the acts of the defendant must go so far that they would result in the accomplishment of the crime unless frustrated by extraneous circumstances (1 Wharton on Criminal Law, 10 ed., sec. 181; Clark & Marshall's Law of Crimes, 2d ed., sec. 123.) In the present case, the acts of the defendant would have resulted in the commission of the offense with which he was charged but for the refusal of the prosecuting witness above indicated, and this refusal we hold to be the extraneous circumstances which prevented the completion of the crime.

These views are not in conflict with the case of *People* v. *Matsicura,* 19 Cal. App. 75, [124 Pac. 882]. There the defendant was convicted of the crime of pandering, and not of an attempt; and as the evidence there showed that the female person had not become an inmate of the house, and that a room had not even been selected for or allotted to her, the court held that the crime of pandering had not been committed. That case would be authority that the defendant here was not guilty of the completed offense, but it does not support his contention that he could not be convicted under the evidence of an attempt to commit it. On the contrary, the logical sequence of the reasoning in that case would

lead to and support the conclusion arrived at in the case at bar.

The defendant, as we have seen, was charged with the crime of pandering; and in the original charge to the jury no reference was made to their right to find him guilty of an attempt to commit such crime. After retiring, the jury returned into court for further instructions; and the court then instructed them on the subject of an attempt to commit the offense; and it is claimed by the defendant that the circumstances under which they were so charged amounted to an intimation by the court that it desired a conviction. From a careful reading of the record it appears that a request for instructions as to an attempt was made by the jury, and hence it cannot be said that the trial judge by giving them such instructions attempted to coerce the jury.

The interviews between the defendant and the prosecuting witness and some of the assistance rendered by him to her, which constituted the attempt to commit the crime charged, took place in the county of Los Angeles; and for that reason the defendant claims that the superior court of the city and county of San Francisco, where the case was tried, had no jurisdiction. The crime, as we have already seen, comprised a series of acts committed, some in Los Angeles, and some in San Francisco; under which circumstances the superior court of either of said counties had jurisdiction. (Pen. Code, sec. 781.)

Over the objection of the defendant testimony was admitted tending to show that about a year prior to the commission of the offense here charged, the defendant at Los Angeles procured a place for another woman as a prostitute, at 642 Jackson Street in San Francisco, also kept by Rose Marks; and that he told that woman that he was in Los Angeles trying to get girls for Rose Marks, who ran a house of prostitution in San Francisco. The defendant's intent in sending the prosecuting witness to Rose Marks was an essential ingredient in the crime charged, and in fact was the only substantial, controverted point in the case. It is plain that evidence of previous similar offenses by the defendant was admissible for the purpose of showing guilty intent. (*People v. Arnold,* 17 Cal. App. 68, 74, [118 Pac.

24 Cal. App.—39

729].) It follows, therefore, that the court committed no error in admitting this testimony.

The judgment and order denying the defendant's motion for a new trial are affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 23, 1914, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on July 24, 1914.