[Crim. No. 492.   First Appellate District.—June 22, 1914.]

## THE PEOPLE, Respondent, v. JOE DE MARTINI, Appellant.

CRIMINAL LAW—PANDERING—INFORMATION CHARGING CRIME IN LANGUAGE OF STATUTE.—An information for pandering is sufficient if it charges the offense in the language of the statute, and states the place where it was committed.

ID.—PARTICULAR HOUSE OF PROSTITUTION—NECESSITY OF ALLEGING.— It is unnecessary for the information to show the particular house of prostitution of which the woman was induced to become an inmate.

ID.—COMMISSION OF CRIME IN TWO COUNTIES—VARIANCE BETWEEN INFORMATION AND EVIDENCE.—If the information alleges the commission of the crime in one county, while the evidence shows that the crime was committed partly in that county and partly in another, there is no fatal variance.

ID.—CHARACTER OF HOUSE—PROOF BY REPUTATION.—In a prosecution for pandering the character of the house involved may be proved by reputation, under the general rule that the character of a house of prostitution may be established by evidence of its reputation as such.

ID.—AMENDMENT OF SECTION 315 OF PENAL CODE—EFFECT ON ADMISSIBILITY OF EVIDENCE OF REPUTATION OF HOUSE.—The amendment of 1905 to section 315 of the Penal Code, to the effect that in all prosecutions for keeping houses of prostitution "common repute may be received of the character of the house" and the "purpose for which it is kept and used," does not exclude such evidence in other cases.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Nathan C. Coghlan, and B. I. Bloch, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Assistant Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was charged by information with the crime of pandering, committed in the city and county of San Francisco, in that he did willfully and feloniously, and by promise of a salary of thirty-five dollars per month, and by other devices, cause, induce, persuade and encourage a certain woman (naming her) to become an inmate of a house of prostitution. He was tried, convicted, and sentenced. The appeal is from the judgment and from an order denying defendant's motion for a new trial.

The information charges the offense in the language of the statute, stating also the place where it was committed, and in fact every other element necessary to constitute the completed crime, defendant's contention to the contrary notwithstanding. The offense designated is what is termed generally a statutory crime, and it was sufficient to describe it in the charging part of the paper in the words of the statute. (*People* v. *Gordon,* 133 Cal. 328, [85 Am. St. Rep. 174, 65 Pac. 746]; *People* v. *Frigerio,* 107 Cal. 151, [40 Pac. 107].)

It was unnecessary for the information to show the particular house of prostitution of which the woman was induced to become an inmate.

While the information alleges that the crime was committed in the city and county of San Francisco, the evidence shows that it was committed partly in that and partly in another county. This did not constitute a variance between the information and the evidence. The offense having been committed partly in each of two counties, it was sufficient, we think, under the terms of section 781 of the Penal Code, to allege the venue as was done, and to show by the evidence that the crime was partly committed in the county designated. That section reads: "When a public offense is committed in part in one county and in part in another, or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county."

The court correctly received evidence of the reputation of the house in question, for it may be said that the rule, though not universal, is well established that the character

of a house of prostitution may be established by evidence of its reputation as such. (*De Martini* v. *Anderson,* 127 Cal. 33, 37, [59 Pac. 207] ; *People* v. *Nitta,* 17 Cal. App. 152, [118 Pac. 946] ; *State* v. *Hoyle,* 98 Minn. 254, [107 N. W. 1130] ; *State* v. *Smith,* 29 Minn. 193, [12 N. W. 524] ; *State* v. *Bresland,* 59 Minn. 281, [61 N. W. 450].) Counsel for the defendant seems to attach some significance to the fact that the legislature in 1905, [Stats. 1905, p. 668], in amending section 315 of the Penal Code, provided that in all prosecutions for keeping houses of prostitution, "common repute may be received of the character of the house" and the "purpose for which it is kept and used"—the argument being that the legislature having expressed in what cases such evidence may be admitted, has excluded it from all others. The maxim here relied upon is applied as a means only of discovering the legislative intent, and is never permitted to defeat the purpose of the legislature when the purpose is otherwise plain. (Black on Interpretation of Laws, p. 219; 36 Cyc. 1122.) At the time this amendment was enacted, the better rule as to the admission of this sort of evidence was—and it still is—that it is admissible; but, doubtless, at that time, being one of judicial construction and not being universal, was lacking in the element of certainty; and therefore for the purpose of making the rule definite as to the class of cases then under consideration, section 315 of the Penal Code was amended in the particular stated. But there is nothing in the amendment indicating that the legislature intended that the rule then announced should apply only to that class of cases; nor is there any reason why the amendment should be given this limited construction. (Black on Interpretation of Laws, 222.) It will be noted that the case of *People* v. *Nitta,* 17 Cal. App. 152, [118 Pac. 946], was decided after the amendment; and there it was held that the general reputation of a certain premises as being a house of prostitution was admissible.

The criticism of the instructions of the court to the jury is not well founded, and does not require consideration.

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 21, 1914.