[Crim. No. 523. Third Appellate District.—September 7, 1920.]

THE PEOPLE, Respondent, v. POO ON, Appellant.

[1] MEDICAL PRACTICE ACT — INFORMATION — CHARGE OF SINGLE OFFENSE.—An information charging a violation of section 17 of the Medical Practice Act, which alleges that the defendant on or about a stated time at a certain place "did then and there willfully and unlawfully practice, attempt to practice and advertise and hold himself out as practicing a system or mode of treating the sick and afflicted in this state without having at the time of so doing a valid unrevoked certificate from the state board of medical examiners of the state of California," is not subject to attack on the ground that it sets forth many different offenses which have not been separately stated, or on the ground that it does not substantially conform to the requirements of section 951 of the Penal Code.

[2] ID.—FORM OF VERDICT.—Under such an information, a verdict finding the defendant guilty as charged is not subject to challenge on the ground that it should have set forth which one of the

charges the defendant was guilty of; based on the claim that the information stated different charges.

[3] ID.—EVIDENCE—SIMILAR ACTS.—Evidence of other acts of defendant of a similar nature to that charged in the information is admissible upon the question of intent and motive.

[4] ID.—DEPOSITION AT PRELIMINARY EXAMINATION—INABILITY TO LOCATE WITNESS—SUFFICIENCY OF SHOWING.—Testimony of a deputy sheriff of his inability to locate a witness in this state and tending to show that the witness was in a foreign country was sufficient to justify the admission of the deposition of the witness taken at the preliminary examination.

[5] CRIMINAL LAW—PROOF OF DILIGENCE—QUESTION FOR TRIAL COURT —DISCRETION—APPEAL.—The question whether it has been satisfactorily shown that a witness whose deposition was taken at the preliminary examination cannot with due diligence be found within the state is one of fact addressed to the trial court to be determined by it from the evidence introduced and the appellate court will not interfere with such determination unless the evidence is such as to justify the conclusion that there has been an abuse of discretion.

[6] MEDICAL PRACTICE ACT—SALE OF DRUGS IN COMMERCIAL CAPACITY —EXAMINATION OF CUSTOMER—INSTRUCTION—EVIDENCE.—In view of section 4½ of article VI of the constitution, an instruction that it is no defense to a prosecution for a violation of section 17 of the Medical Practice Act for the defendant to say that he merely sold drugs in a commercial capacity, if at the time of so doing he inquired of the customer the manifestations of his disease or ills or made an examination of the pulse or any portion of the person of the customer and selected drugs intended to cure such disease or ills, is not a sufficient ground for reversal, although there was no evidence of any examination of the pulse of the customer.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order denying a new trial. J. C. Needham, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. J. Maddux for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

3.  Admissibility of evidence tending to prove other crimes against defendant as proof of motive, notes, 7 Ann. Cas. 66; 8 Ann. Cas. 773.

NICOL, P. J., *pro tem.*—The defendant was tried and convicted in the superior court of Stanislaus County of the crime of practicing medicine without a license, and prosecutes this appeal from the judgment and order denying his motion for a new trial.

1. The information charged the defendant with a violation of section 17 of the State Medical Practice Act (Stats. 1913, p. 734), the said information alleging that: "The said Poo On on or about the nineteenth day of September A. D. 1919, at and in the said county of Stanislaus, state of California, and prior to the filing of this information, did then and there willfully and unlawfully practice, attempt to practice and advertise and hold himself out as practicing a system or mode of treating the sick and afflicted in this state without having at the time of so doing a valid unrevoked certificate from the state board of medical examiners of the state of California."

[1] The appellant attacks the information on the ground that it sets forth many different offenses which have not been separately stated, and also on the ground that the said information does not substantially conform to the requirements of section 951 of the Penal Code, "in this, that it does not set forth the act or omission charged as an offense."

There is no merit in these objections. The charging part of the information is almost in the identical language of the information that was before this court in *People* v. *T. Wah Hing,* 47 Cal. App. 327, [190 Pac. 662], and which information was sustained, the court holding that: "The information in this case is substantially the same as the information that was before the supreme court in *People* v. *Ratledge,* 172 Cal. 401, [156 Pac. 455], and which the court held sufficiently charged a violation of section 17 of the said Medical Practice Act. The court said: 'The information is attacked upon the ground that it charges the crime of practicing medicine without a certificate from the medical board,' the contention being that no such crime is denounced by the law. It is true that the statute does not contain the quoted words, but clearly they are used merely for purposes of general description of the offense as they are followed by the averment that the crime was 'committed as follows: That the said T. F. Ratledge on the thirtieth day of October, 1914, at, and in the county of Los Angeles, state of California, did

willfully and unlawfully practice, attempt to practice, and advertise and hold himself out as practicing a system and mode of treating the sick and afflicted in the state of California, without then and there having a valid, unrevoked certificate authorizing him to practice a system or mode of treating the sick and afflicted in this state from the board of medical examiners of the state of California.' This sufficiently charges a violation of section 17 of the Medical Practice Act (Stats. 1913, p. 734), and is not open to the criticism that it seeks to impute many offenses to defendant because any one of the acts or omissions averred and conjunctively pleaded would suffice as the basis of an information. (Citing cases.) This information does not fall within the rule declared in *People* v. *Plath,* 166 Cal. 227, [135 Pac. 954].)''

2. The defendant challenges the verdict, which is in the following form: ''We, the jury in the above-entitled cause, find the defendant Poo On guilty as charged in the information,'' claiming that the information states and sets forth different charges and that the verdict should have set forth which one of said charges the defendant was guilty of.

[2] The verdict, in our opinion, is in the proper form, and this objection of defendant is sufficiently answered by the case of *People* v. *Nitta,* 17 Cal. App. 152, [118 Pac. 946]. In that case it was charged in the information that the defendant did willfully connive at, consent to, and permit the placing and leaving of his wife in a house of prostitution, and that he did then and there willfully permit and allow her to remain there.

On appeal it was contended that the verdict was not supported by the evidence, because the evidence shows that the defendant placed his wife in the house of prostitution, and the argument was that this state of facts did not support a charge of conniving at, consenting to or permitting the placing of his wife in such house. The court, in answer to this argument, said: ''Whether or not the evidence may be said to support a charge of conniving at the placing of the wife in a house of prostitution or not, it certainly supports the charge that he permitted her to remain in such house, which is all that is required to support a conviction under the information. (*People* v. *Shotwell,* 27 Cal. 394,

403; *People* v. *Frank,* 28 Cal. 507; *People* v. *Sheldon,* 68 Cal. 434, [9 Pac. 457].)''

[3]   3. The court committed no error in receiving evidence of other acts of defendant of a similar nature to that charged in the information. This evidence was proper as bearing upon the question of the intent and motive of the defendant, and as tending to show such intent and motive evidence was admissible of similar acts prior and subsequent to the time charged in the information. The case of *People* v. *Ratledge,* 172 Cal. 401, [156 Pac. 455] was a prosecution for the crime of practicing medicine without a certificate from the medical board. Evidence was received over defendant's objection of similar offenses. The supreme court, in sustaining the trial court's ruling said: ''A witness was permitted over defendant's objection to detail the occurrences upon the occasion of a visit by her to his office nearly six months before the time set forth in the information. The objection was upon the usual grounds of incompetency, etc., and that the time was too remote. The evidence was competent as tending to show the intent and motive of the defendant in the commission of the acts charged in the information and it was not too remote. Courts are allowed a wide discretion with respect to the periods of time covered by such testimony.''

[4]   4. The deposition of Constance Parrish, taken at the preliminary examination of the defendant, was offered and received in evidence over the objection of the defendant. The appellant claims that the showing was not sufficient to justify the admission of said testimony. The deputy sheriff testified that he was unable to locate the witness in this state and he gave testimony tending to show that she was in Tia Juana, Mexico. The showing in our opinion was sufficient to sustain the decision of the court that she was absent from the state at the time of the trial and could not be produced as a witness. (*People* v. *Grill,* 151 Cal. 592, [91 Pac. 515].)

[5]   The question whether it has been satisfactorily shown that a witness whose deposition was taken at the preliminary examination of the defendant ''cannot with due diligence be found within the state is a question of fact that is addressed to the trial court, to be determined by it from evidence introduced before it (*People* v. *Plyler,* 126 Cal.

379, [58 Pac. 904]), and with the determination of that question of fact by the trial court this court will not interfere, unless the evidence thereon is such as to satisfy the court that the trial court abused the discretion confided to it in holding that due diligence had been used, and that the witness could not be found." (*People* v. *Lewandowski*, 143 Cal. 574, 576, [77 Pac. 467].)

5. Complaint is made that the court erred in giving the following instruction to the jury: "You are instructed that it is as much a violation of the Medical Practice Act to diagnose and prescribe herbs or medicine for any disease of a human being as it is to operate or otherwise treat a human being. You are instructed that it is no defense to an action for a violation of section 17 of the Medical Practice Act to say that he, the defendant, merely sold drugs or medicinal preparations in a commercial capacity, or like a storekeeper, if, at the time of so doing, he inquired of the patient or customer the manifestations of his disease or ills, or made an examination of the pulse or any portion of the person of said patient or customer, and in connection therewith selected and gave herbs, drugs, or other preparations intended by him to cure said patient or customer of the said disease or ills from which the defendant determined, by his inquiries or examination, the patient or customer to be suffering with."

Appellant contends that this instruction is erroneous because there is no claim made by the prosecution that the defendant examined the pulse of anyone at the time charged in the information, and that the witness Constance Parrish did not in her testimony state that defendant had examined her pulse.

[6] Although there is no reference in the testimony of this witness to any examination of her pulse, nevertheless, in view of the whole instruction, we are clearly of the opinion that the words, "examination of the pulse," contained in said instruction, did not in any manner cause a miscarriage of justice in this case, and to reverse the judgment for the giving of this instruction would be to disregard section 4½ of article VI of the constitution, which provides that: "No judgment shall be set aside, or new trial granted, in any case, on the ground of misdirection of the jury . . . unless, after an examination of the entire cause, including the evidence,

the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.''

Error is also claimed in the court's refusal to give certain instructions proposed by the defendant, as to the principle of reasonable doubt, etc., but these instructions were fully covered by the instructions given by the court to the jury.

Finding no material error in the case, the judgment and order appealed from are affirmed.

Burnett, J., and Hart, J., concurred.