[Crim. No. 806. Second Appellate District, Division Two.—February 11, 1922.]

THE PEOPLE, Respondent, v. A. D. COCHRAN, Appellant.

[1] MEDICAL PRACTICE ACT — SUFFICIENCY OF INFORMATION.—In a prosecution for a violation of the Medical Practice Act, an information charging that the defendant on or about a given date, at a designated place within the state, "did willfully, unlawfully and feloniously practice, attempt to practice and advertise and hold himself out as practicing a system and mode of treating the sick and afflicted in the State of California, without then and there having a valid unrevoked certificate authorizing him to practice a system or mode of treating the sick and afflicted in the State of California, from the State Board of Medical Examiners of the State of California," states facts sufficient to constitute a public offense.

[2] ID.—DIAGNOSIS—ADJUSTMENT OF VERTEBRA—TREATMENT.—It being impossible to disassociate diagnosis from the practice of the art of healing by any physical, medical, mechanical, hygienic, or surgical means, there can be no legal distinction between "treating" a person suffering from disease or discomfort and "adjusting" the vertebra of that person in order that nature might correct the difficulty.

[3] ID.—USE OF DRUGS IMMATERIAL.—In a prosecution under the Medical Practice Act of ,1913, an information is not defective because it does not specify whether or not the defendant is charged with having used drugs.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

2. Application of statutes regulating the practice of medicine to persons giving special kinds of treatment, notes, 98 Am. St. Rep. 742; 3 L. R. A. (N. S.) 763; 24 L. R. A. (N. S.) 103; 25 L. R. A. (N. S.) 1297; 33 L. R. A. (N. S.) 179; L. R. A. 1917C, 822.

Chiropractic as practice of medicine, notes, Ann. Cas. 1913C, 484; Ann. Cas. 1916A, 861; Ann. Cas. 1917E, 1165.

Osteopathy as medical or surgical profession, notes, 1 Ann. Cas. 51; 7 Ann. Cas. 377.

Maurice C. Spauling and E. D. Martindale for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

CRAIG, J.—The appellant was convicted of "practicing mode of treating sick without having valid unrevoked certificate of license from State Board of Medical Examiners." From the judgment pronounced and an order denying motion for new trial this appeal was taken.

[1] The charging part of the information reads as follows: "That the said A. D. Cochran on or about the 16 day of December, 1920, at, and in the County of Los Angeles, State of California, did willfully, unlawfully and feloniously practice, attempt to practice and advertise and hold himself out as practicing a system and mode of treating the sick and afflicted in the State of California, without then and there having a valid unrevoked certificate authorizing him to practice a system or mode of treating the sick and afflicted in the State of California, from the State Board of Medical Examiners of the State of California."

The principal contention of the defendant and appellant is that the information does not state facts sufficient to constitute a public offense. Our attention is called to the fact that in addition to the Medical Practice Act (Stats. 1913, p. 722) there is a statute in force in this state regulating the practice of veterinary surgeons. We think no person of common understanding could fail to know from a reading of the information that it charges the defendant with having treated sick and afflicted persons in violation of the Medical Practice Act rather than having violated the statute concerning the practice of veterinary surgeons. This information complies with section 950 of the Penal Code in that it is fully sufficient to charge a public offense.

[2] Appellant asks us to declare a legal distinction between "adjusting" and "treating" persons suffering from disease or discomfort. We are told that the defendant declared that he did not diagnose any case and so informed the patients who came to him; that he only "adjusted the vertebra" in order that nature might correct the difficulty. It is urged that, unless a diagnosis is made, it cannot be

said that a physician "treats" a patient. The proposition here argued is not an open question in this state. In *People* v. *Jordan*, 172 Cal. 391 [156 Pac. 451], the opinion of the supreme court announces the law to be that "It is impossible to dissassociate diagnosis from the practice of the art of healing by any physical, medical, mechanical, hygienic, or surgical means." It is not contended that the adjustments given by the defendant did not involve *physical means*.

Another ground argued for reversal is that the information is defective in not alleging that defendant practiced a "system." The offense charged to have been committed by the defendant is "practicing mode of treating sick," etc. Appellant relies upon *Ex parte Greenall*, 153 Cal. 767 [96 Pac. 804], as authority for the claim that this allegation is insufficient. In that case the allegation was merely that the defendant did willfully and unlawfully "treat the sick or afflicted." This was held insufficient. The act of March 14, 1907 (Stats. 1907, p. 252), was there construed. It provided in part that "Any person who shall practice or attempt to practice or advertise or hold himself out as practicing medicine or surgery, osteopathy, or any other system or mode of treating the sick or afflicted, in this state, without having, at the time of so doing, a valid, unrevoked certificate, as provided in this act, shall be guilty of a misdemeanor." (Section 13.) The court held that the word "practice" as there used should be defined as containing the idea of being engaged in a line of business and that "treating" the sick did not necessarily exclude the proposition that the conduct charged as violative of the statute might be merely incidentally and gratuitously administering aid to one who was sick. But this same opinion recognizes the word "mode" as being the equivalent of "system." We quote from the opinion discussing this very subject where it states, "One who within this meaning," referring to the meaning above ascribed to the word "practice," " 'practices' medicine or surgery or osteopathy, or any other recognized *mode* of treatment of the sick, without a certificate, violates the provisions of the act." However, it is difficult to understand how a criticism can be directed against the information in the instant case upon the ground now under consideration, for the charge is

clearly made that Cochran "did willfully, unlawfully and feloniously *practice, attempt to practice and advertise and hold himself out as practicing a system and mode* of treating the sick and afflicted in the State of California," etc.

This language is almost identical with that held sufficient in *People* v. *Ratledge,* 172 Cal. 401 [156 Pac. 455], where the information charged that Ratledge "did willfully, and unlawfully practice, attempt to practice and advertise and hold himself out as practicing a system and mode of treating the sick and afflicted in the State of California, without then and there having a valid, unrevoked certificate authorizing him to practice a system or mode of treating the sick and afflicted in this state from the Board of Medical Examiners of the State of California."

[3]  Again, the information is attacked because it does not specify whether or not appellant is charged with having used drugs. Under the act of 1913, applicable here, such an allegation is unnecessary to state an offense under its provisions. It prohibits practicing or attempting to practice "any system," etc.

The judgment and order appealed from are affirmed.

Finlayson, P. J., and Works, J., concurred.