[Crim. No. 853.  Second Appellate District, Division Two.—October 9, 1922.]

## THE PEOPLE, Respondent, v. A. H. PARISH, Appellant.

[1] MEDICAL PRACTICE ACT—DIAGNOSIS.—One who does not diagnose does not practice medicine within the meaning of the Medical Practice Act.

[2] ID.—ESTABLISHMENT OF DIAGNOSIS.—Diagnosis may be established by acts and conduct as well as by any representations which might be made to a patient.

[3] ID.—ERRONEOUS INSTRUCTIONS—PREJUDICE.—Instructions containing abstract propositions of law inapplicable to the issues involved are erroneous, but they are not ground for reversal unless it appears that the defendant may reasonably be regarded as having been prejudiced.

[4] ID.—APPLICATION FOR LICENSE—DISCRIMINATION—PREJUDICIAL INSTRUCTION.—In a prosecution for "practicing a system and mode of treating the sick and afflicted without a valid, unrevoked certificate from the State Board of Medical Examiners," where the only issue presented by the defendant's evidence is the defense that he had not been guilty of practicing any system or mode of healing requiring him to have secured a certificate, and there is nothing in the record to show that the defendant had ever attempted to secure a license to practice any system of healing or that his counsel had ever attempted to suggest that such a license could not be procured or that the board of medical examiners had ever discriminated against him, it is prejudicial error to give an instruction which assumes that the defendant had tried to convince the jury that he had attempted to secure a license to heal the sick and that the defendant had claimed discrimination against him by the board of medical examiners.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frank R. Willis, Judge.  Reversed.

The facts are stated in the opinion of the court.

Ray E. Nimmo and Frank D. Parent for Appellant.

4.  Application of statutes regulating the practice of medicine to persons giving special kinds of treatment, notes, 98 Am. St. Rep. 742; 3 L. R. A. (N. S.) 763; 24 L. R. A. (N. S.) 103; 25 L. R. A. (N. S.) 1297; 33 L. R. A. (N. S.) 179; L. R. A. 1917C, 822.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Charles D. Ballard for Respondent.

CRAIG, J.—The defendant was convicted of ''practicing a system and mode of treating the sick and afflicted without a valid, unrevoked certificate from the state board of medical examiners.'' He appeals from the judgment pronounced and order denying his motion for a new trial.

[1] Appellant first claims as a ground for reversal that the evidence fails to disclose any diagnosis of disease by the defendant and that one who does not diagnose does not practice medicine within the meaning of the Medical Practice Act (Stats. 1913, p. 722). Appellant is entirely correct as to this abstract proposition of law. (*People* v. *Jordan*, 172 Cal. 399 [156 Pac. 451].) Appellant stresses the point that defendant at no time made representations to those seeking treatment as to the nature of their various ailments or that he would cure them. This is offered to show an entire lack of diagnosis. [2] But diagnosis may be established by acts and conduct as well as by any representations which might be made to a patient. *People* v. *Jordan, supra,* has decided that it is impossible to dissociate diagnosis from the practice of the art of healing by any physical, medical, mechanical, hygienic, or surgical means. There is evidence in this record that the defendant used physical means in adjusting the vertebrae of witnesses. Hence, under the Jordan decision, the jury might lawfully have drawn the inference that defendant made a diagnosis in connection with the treatment of this witness, Stewart.

The following instruction is assigned as reversible error:

''You are instructed to disregard any statement or suggestions of counsel that chiropractors, or the practitioners of any other system of healing the sick, cannot procure a license to practice their system of healing in this state. And you are further instructed that it is no defense in this case for the defendant to argue or attempt to argue to you that the board of medical examiners of this state has discriminated against him. And in this connection you are instructed that the law of the state, besides other forms of license, provides for the issuance of a certificate which entitles the holder thereof to practice the chiropractic system of healing the

sick. All that is required of the applicant for such a license is that he present to said board proof that he is possessed of the education required by the law.

"If the practitioner of any system or mode of the healing art, including chiropractic, has been by the board of medical examiners of this state denied any right, he has his proper and adequate remedy therefor in another forum, and the jury in this case may not pass upon the same."

There is nothing in the record to show that defendant had ever attempted to secure a license to practice chiropractic or any other system of healing or that his counsel had ever attempted to suggest that such a license could not be procured or that the board of medical examiners had ever discriminated against him. [3] Instructions containing abstract propositions of law inapplicable to the issues involved are erroneous. (12 R. C. L. 782; *People* v. *Tapia,* 131 Cal. 647 [63 Pac. 1001]; *People* v. *Thompson,* 115 Cal. 160 [46 Pac. 912].) They are not ground for reversal unless it appears that the defendant may reasonably be regarded as having been prejudiced. [4] However, such is clearly the result of the instruction of which complaint is here made. It injects a false issue into the case. The only issue presented by the defendant's evidence was the defense that he had not been guilty of practicing any system or mode of healing requiring him to have secured a certificate. A fair interpretation of this instruction requires the construction that it assumed that the defendant had tried to convince the jury that he had attempted to secure a license to heal the sick. It is apparent that the jury may have considered it their duty to assume this to have been the fact and that they may well have regarded that circumstance as material and determinative of the issue as to whether or not the defendant actually did practice a system of treating the sick and afflicted. The instruction also assumes that the defendant had claimed discrimination against him by the board of medical examiners. Being aware that there was no evidence to support such a charge, the jury might easily be prejudiced against him because of having made so false and base a calumny. This would, of course, prevent that fair consideration of the evidence upon the material issues to which every defendant is entitled. It is unnecessary to

point out in greater detail the prejudicial character of this erroneous instruction.

The judgment must be reversed, and it is so ordered.

Finlayson, P. J., and Works, J., concurred.