[Crim. No. 1021. First Appellate District, Division Two.—November 24, 1922.]

## THE PEOPLE, Appellant, v. AL RYAN, Respondent.

[1] CRIMINAL LAW—APPEAL BY PEOPLE—REVIEW OF ORDER SUSTAINING DEMURRER.—Upon an appeal taken by the people from an order dismissing an action pursuant to section 1008 of the Penal Code, upon the failure of the district attorney to amend an information for misdemeanor, to wit: violation of Medical Practice Act, filed against the defendant, to which information a demurrer had been sustained, the appellate court has power to review the order sustaining the demurrer.

[2] ID.—MEDICAL PRACTICE ACT—SUFFICIENCY OF INFORMATION.—An information charging that the defendant, on or about a certain date, at and in a specified county, "willfully and unlawfully did practice, attempt to practice and advertise and hold himself out as practicing a system or mode of treating the sick and afflicted in this state, without having at the time of so doing a valid and unrevoked certificate from the Board of Medical Examiners of the State of California," states facts sufficient to constitute a public offense; and it is error to sustain a demurrer to such information on the ground that it does not state a public offense, in that it does not allege that the "sick and afflicted" upon whom the defendant is alleged to have practiced were "human beings."

APPEAL from an order of the Superior Court of Santa Cruz County dismissing an information charging a violation of the Medical Practice Act. Benj. K. Knight, Judge. Reversed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Appellant.

Lucas F. Smith, Lucas F. Smith, Jr., and Stanford G. Smith for Respondent.

LANGDON, P. J.—This is an appeal taken by the People of the State of California from an order dismissing an action pursuant to section 1008 of the Penal Code, upon the failure of the district attorney to amend an information for misdemeanor, to wit, violation of Medical Practice Act

(Stats. 1913, p. 722), filed against the defendant, to which information a demurrer had been sustained.

[1] Upon this appeal this court has power to review the order sustaining the demurrer. (*People* v. *Apple,* 57 Cal. App. 110 [206 Pac. 487].)

[2] The portion of the information material here is: "The said Al Rhyan, on or about the 5th day of July, 1921, at and in the county of Santa Cruz and State of California, and before the filing of this information, willfully and unlawfully did practice, attempt to practice and advertise and hold himself out as practicing a system or mode of treating the sick and afflicted in this state, without having at the time of so doing a valid unrevoked certificate from the Board of Medical Examiners of the State of California . . . " The trial court sustained the demurrer upon the ground· that the information did not state a public offense, because it did not allege that the sick and afflicted upon whom the defendant is alleged to have practiced were "human beings."

In the cases of *People* v. *Ratledge,* 172 Cal. 402 [156 Pac. 455], *People* v. *Poo On,* 49 Cal. App. 219 [192 Pac. 1090], and *People* v. *Cochran,* 56 Cal. App. 394 [205 Pac. 473], indictments substantially identical with the one in the present case were approved. The case of *People* v. *Cochran, supra,* discusses the precise question involved here in the following language:

"The charging part of the information reads as follows: 'That the said A. D. Cochran on or about 16 day of December, 1920, at, and in the County of Los Angeles, State of California did willfully, unlawfully and feloniously practice, attempt to practice and advertise and hold himself out as practicing a system and mode of treating the sick and afflicted in the State of California, without then and there having a valid unrevoked certificate authorizing him to practice a system or mode of treating the sick and afflicted in the State of California, from the State Board of Medical Examiners of the State of California.'

"The principal contention of the defendant and appellant is that the information does not state facts sufficient to constitute a public offense. Our attention is called to the fact that in addition to the Medical Practice Act there is a statute in force in this. state regulating the practice of

veterinary surgeons. We think no person of common understanding could fail to know from a reading of the information that it charges the defendant with having treated sick and afflicted persons in violation of the Medical Practice Act rather than having violated the statute concerning the practice of veterinary surgeons. This information complies with section 950 of the Penal Code, in that it is fully sufficient to charge a public offense.''

The orders dismissing the action and sustaining the demurrer to the information are reversed.

Sturtevant, J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1923.

All the Justices concurred.