[Civ. No. 933. Second Appellate District, Division Two.—March 12, 1923.]

## THE PEOPLE, Respondent, v. H. C. SAUNDERS, Appellant.

[1] MEDICAL PRACTICE ACT—TREATMENT WITHOUT DIAGNOSIS. — By section 17 of the Medical Practice Act (Stats. 1913, p. 722), the legislature intended to denounce the act of anyone who, not having a license, might diagnose without treating or prescribing, or who might treat or prescribe without diagnosing; and a physician may treat or prescribe for a patient, within the meaning of that statute, without making diagnosis of his case.

[2] ID.—INTENT—INSTRUCTIONS.—In a prosecution for a violation of the Medical Practice Act, the court having instructed the jury, in the language of section 20 of the Penal Code, that "In every crime or public offense there must exist a union, or joint opera-

tion of act and intent, or criminal negligence," it is not error to instruct them also, in the language of subdivision 1 of section 7 of the Penal Code, that "The word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or make the omission referred to. It does not require any intent to violate the law, or to injure another, or to acquire any advantage."

[3] ID.—POSSESSION OF LICENSE—BURDEN OF PROOF.—In a prosecution for a violation of the Medical Practice Act, the jury is properly instructed that it is not necessary for the people to prove that the defendant had no license to practice his system of healing and that the burden is on him to prove that he had such a license.

[4] ID. — SUCCESS OF DEFENDANT'S PRACTICE — INSTRUCTIONS.—In a prosecution for a violation of the Medical Practice Act, it is not only proper, but necessary, to instruct the jury that they are not to be affected in their deliberations by any evidence to the effect that defendant's practice of his system had succeeded with his patients.

[5] ID.—SICK AND AFFLICTED PERSONS—TREATMENT—HARMLESS INSTRUCTIONS.—In a prosecution for a violation of the Medical Practice Act, conceding that instructions "that a person is sick and afflicted who is suffering from a misplaced vertebra, and that anyone who engages in the business or occupation of adjusting or replacing, or who in the pursuit of an occupation attempts to adjust or replace, such misplaced vertebra into its normal position, is practicing a system and mode of treating the sick and afflicted," and "that one who is suffering at all with nervousness, headaches, pains or any other mal-mental or mal-physical condition whatever, is sick and afflicted within the meaning of section No. 17 of the State Medical Practice Act, and that anyone who engages in the business or occupation of manipulating the bones or kneading the muscles or tissues of such person for the purpose of relieving or healing such person of any such condition is practicing a system and mode of treating the sick and afflicted," relate to matters of fact and not to matters of law, the giving of them to the jury is harmless.

APPEAL from a judgment of the Superior Court of the County of Orange. R. Y. Williams, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur E. Koepsel for Appellant.

U. S. Webb, Attorney-General, J. W. Maltman, Deputy Attorney-General, and C. D. Ballard for Respondent.

WORKS, J.—Defendant was convicted of the crime of practicing a system and mode of treating the sick and afflicted without a license, a misdemeanor. He appeals from the judgment of conviction.

Appellant's first point is that the evidence at the trial was insufficient to show that he had made a diagnosis in any of the cases in which it was claimed by the people that he had practiced his system of treating the sick. This point is based upon the erroneous view, for which appellant, however, is far from being wholly responsible, that one does not practice medicine or treat the sick unless, as a preliminary to ministering to the necessities of his patient, he makes a diagnosis. In support of this view of the law appellant cites *People* v. *Jordan,* 172 Cal. 391 [156 Pac. 451], and *People* v. *Parish,* 59 Cal. App. 302 [210 Pac. 633]. The first-named case does not announce such a rule, but only that diagnosis is a part of the practice of medicine. The effect of the decision there rendered is faithfully epitomized in a sentence of the opinion as follows: "To diagnose a case is as much a part of the practice of medicine as the drawing of pleadings or the giving of advice are parts of the practice of law." *People* v. *Parish,* however, does state the rule for which appellant contends, and, moreover, *People* v. *Jordan* is in that case cited as authority for the statement. The same erroneous estimate of the effect of *People* v. *Jordan* is taken in *People* v. *Cochran,* 56 Cal. App. 394 [205 Pac. 473]. Under these conditions it becomes necessary for us to pass upon the legal question which is the foundation for appellant's point, although we should not otherwise be called upon to do so, for the evidence in the present case is unquestionably sufficient to support a finding that, beyond a reasonable doubt, appellant did make diagnosis in each of the cases upon which the charge in the information is based.

[1] Irrespective, then of *People* v. *Jordan,* do *People* v. *Parish* and *People* v. *Cochran* state the correct rule of law? The Medical Practice Act, so called, the enactment for a violation of which appellant was convicted (Stats. 1913, p. 722), provides in section 17 (italics ours) that "Any person who shall practice . . . any system or mode of treating the sick or afflicted in this state, or who shall *diagnose, treat,* operate for, *or prescribe for,* any disease, injury, deformity," etc., without having a license, shall be

guilty of a misdemeanor. It is at once apparent from this language that the legislature intended to denounce the act of anyone who, not having a license, might diagnose without treating or prescribing, or who might treat or prescribe without diagnosing. Not only so, but the enactment is based upon reason and logic. Physicians are often called' as consultants in cases in which diagnosis has already been made by others. They doubtless often prescribe for cases in which they never see the patient and upon the diagnosis of others. Suppose a physician in Pasadena should write or telephone to a physician in Los Angeles, stating that he has under his care a patient who is afflicted with a certain disease, that he has prescribed certain remedies without avail, and asking the Los Angeles physician if he can suggest a remedy. If the latter should thereupon write a prescription and send it to the Pasadena physician, could it possibly be said that he would not be practicing medicine in doing so? The answer to the question is manifest. We conclude that a physician may treat or prescribe for a patient, within the meaning of the statute, without making diagnosis of his case.

[2] The trial court instructed the jury in the words of subdivision 1 of section 7 of the Penal Code, that "The word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." Appellant, wrenching the last sentence of this instruction from its context and taking it as if it stood alone, contends that by that sentence the jury was erroneously instructed as to the law of intent. The trial court also instructed the jury, in the language of Penal Code, section 20, that "In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence." Appellant insists that the sentence to which he objects is inconsistent with the terms of the instruction in the words of section 20. If we take the sentence alone the statement is true, but it cannot properly be taken alone. Reading it in the light of its context, the last part of subdivision 1 of section 7 is to the effect that "The word 'willfully,' when applied to the intent with which an act is done or omitted, . . . does not

require any intent to violate law, or to injure another, or to acquire any advantage.'' When taken as a whole the instruction was but a definition of the word ''willfully.'' Moreover, it was a definition which was not improper to be given to the jury, even though it be granted that the giving was not strictly necessary. It was proper for the reason that the information charged that appellant ''willfully and unlawfully'' committed the acts alleged against him. As it was not error to define to the jury the word ''willfully,'' we cannot conceive it to have been improper to give a definition formulated by the legislature. There is a vast difference between the meaning of the words ''willfully'' and ''unlawfully.'' The language of subdivision 1 of section 7 of the Penal Code defines the meaning of the former, while section 20, although not strictly a definition, has a direct application to the latter as used in connection with the former. in an information or indictment. We can see no error in a trial court giving them both to the jury in proper cases. We are aware that in *People* v. *Stennett,* 51 Cal. App. 370 [197 Pac. 372], and in *People* v. *Tomasovich,* 56 Cal. App. 520 [206 Pac. 119], it was said that an instruction in the words of subdivision 1 of section 7 is misleading and that such an instruction should not be given. We cannot agree with what is said on the subject in the opinions in those cases. It is to be noted that no reversal resulted in either of the cases mentioned because of the point.

[3] The trial court instructed the jury that it was not necessary for the people to prove that appellant had no license to practice his system of healing and that the burden was on him to prove that he had such a license. Appellant complains of the instruction as error, but it has been settled by the supreme court that such an instruction is proper (*People* v. *Boo Doo Hong,* 122 Cal. 606 [55 Pac. 402]).

[4] The jury was instructed that they were not to be affected in their deliberations by any evidence to the effect that appellant's practice of his system had succeeded with his patients, and this instruction also is complained of. The instruction was entirely proper. There was some evidence in the record tending to show that appellant's treatment of his patients had produced favorable results. It was not

only proper, but necessary, to instruct the jury that this evidence must be given no weight in determining whether appellant had practiced without a license. Otherwise the jury might have lost sight of the real question in the case.

[5] It is contended that the trial court erred in giving to the jury two other instructions. The first of these was "that a person is sick and afflicted who is suffering from a misplaced vertebra, and that anyone who engages in the business or occupation of adjusting or replacing, or who in the pursuit of an occupation attempts to adjust or replace, such misplaced vertebra into its normal position, is practicing a system and mode of treating the sick and afflicted." The second was "that one who is suffering at all with nervousness, headaches, pains or any other mal-mental or mal-physical condition whatever, is sick and afflicted within the meaning of section No. 17 of the State Medical Practice Act, and that anyone who engages in the business or occupation of manipulating the bones or kneading the muscles or tissues of such person for the purpose of relieving or healing such person of any such condition is practicing a system and mode of treating the sick and afflicted." It is insisted that these instructions relate to matters of fact and not to matters of law. If for the sake of argument we concede, what we by no means decide, that the two instructions are to be so regarded, the giving of them to the jury was harmless. There can be no possible dissent from the proposition that one laboring under the disabilities named in the instructions is sick and afflicted, or that he who attempts to relieve such an one from his disabilities by the means mentioned in the instructions is practicing a system and mode of treating the sick and afflicted.

Appellant states one other point, but as it is not argued it is not to be considered.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.