[Crim. No. 364. Department Two.—July 21, 1898.]

THE PEOPLE, Respondent, v. NICHOLAS BRENNAN, Appellant.

CRIMINAL LAW—SENDING THREATENING LETTER WITH INTENT TO EXTORT MONEY—INFORMATION—DUPLICITY.—An information specifically charging the crime of sending a threatening letter with intent to extort money is not subject to the objection that it states two offenses, because it mistakenly describes the crime charged as "extortion," in the general designation of the offense with which the accusation opens; but that word may be disregarded as surplusage, and the defendant could not be misled by its unnecessary use.

ID.—INSTRUCTION—NATURE OF OFFENSE CHARGED.—It was proper for the court to instruct the jury as to the nature of the offense charged in the information, and that the charge was not an accusation of an extortion committed.

ID.—EVIDENCE—DEPOSITION AS TO OTHER CHARGES.—A deposition taken upon the preliminary examination of the defendant upon other

charges of crime against him, so far as not made applicable by stipulatic n to the preliminary examination for the offense on trial, is not admissible in evidence against the defendant, by reason of the death of the witness.

ID.—STIPULATION—IRRELEVANT PARTS OF DEPOSITION.—Notwithstanding a' stipulation that the evidence of the witness should be considered as taken upon the preliminary examination of the defendant upon each of three distinct criminal charges of a different nature, including the one on trial, so much of the deposition as was solely applicable to the other criminal charges is not made relevant by the stipulation, and the admission thereof against the objection of the defendant is prejudicially erroneous.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William T. Wallace, Judge.

The facts are stated in the opinion of the court.

Edwin L. Forster, and Richard Gibson, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

TEMPLE, J.—An information was filed in the superior court of the city and county of San Francisco which accused defendant "of the crime of felony," to wit, extortion, in that he, with intent to extort money from one Theresa Tarpey, willfully, unlawfully, and feloniously, sent her a letter which expressed and implied a threat to do her person an unlawful injury. The letter is set out in full.

The defendant was convicted, and this appeal is taken from the judgment and from the order denying his motion for a new trial. At the proper time the defendant moved the court to set aside the information because it did not comply with certain sections of the Penal Code, but he did not demur.

It is now contended that the information attempts to charge two offenses, and charges neither effectively. This claim is founded upon the use of the word "extortion" in the general designation of the offense with which the accusation opens. The word can be eliminated and the information will still be good. Regarded as a charge of sending a threatening letter with intent of extorting money, the information seems all that can be re-

quired.  And it is plain that there is no attempt to charge any other offense.  The defendant could not have been, and was not, misled by the unnecessary use of the word "extortion."

The charge was fully and accurately explained to the jury by the learned judge of the court.  He said: "The real accusation as set forth in the information, though denominated therein as 'extortion,' is not an accusation of an extortion committed—an accusation that money was actually obtained by extortion—but that a threatening letter was sent by the accused with *intent* to extort money," etc.

The defendant had been held upon three criminal charges, in each of which it was alleged that Theresa Tarpey was the victim of the crime charged.  The complaints in the several cases, though put in evidence, are not in the transcript.  Counsel and the court, in speaking of them, designated them respectively as the charge of rape, or the rape case; the charge of extortion, and "taking a female by inducements for the purposes of prostitution, in which Theresa Tarpey is named as the female."

The complaint charging the defendant with rape was filed December 4, 1896.  The preliminary examination was commenced on the 15th of the same month, and, after some testimony had been taken on the charge of rape, officer Handley verified and filed with the magistrate the so-called charge of extortion.  Mr. Vernon, the stenographer, was examined as a witness, and testified that a stipulation was made to the effect that the testimony taken in the rape case should be considered the evidence in the extortion case.  It was made in open court and entered by him in his notes.  As to the time or the stage in the proceedings when the stipulation was entered into, the following evidence was given:

"Mr. Black.—What was the date of that stipulation; that is, on the charge of extortion?  A. That occurred twice.  Mr. Van Duzer agreed to that at the time he took the testimony at the house, I believe.

"Q. What was the stipulation on that very day, though; what date was that?  A. That was the fifteenth day of December; the examination of witness was entered on the 28th of December; it was continued once or twice before that; the examination of witnesses on the charge of extortion was commenced on the 28th

of December, and it was after two witnesses had been examined that this stipulation was entered of record and taken down by me, referring to the testimony that had already been taken on the other charge; that was the stipulation entered into by Mr. Long, who subsequently came into the case.

"Mr. Forster.—Now, Mr. Vernon, what papers—what record —are you taking that stipulation from? A. I was looking at the extortion charge then; I find a stipulation in the extortion charge here. It is: 'Mr. Mogan.—It is stipulated that the testimony taken in the rape case be considered as the testimony in this case. Mr. Long.—Yes; that is the case for the defense in the extortion matter.'

"Q. Well, now, wasn't there a stipulation in the record of the rape case, also, Mr. Vernon, to that effect? A. Yes, sir.

"Q. And isn't that stipulation in the extortion record there a copy; isn't that a part of the same record that is in the rape case? A. No; this is just at the end of the extortion case, before the testimony in the rape case comes on. That is the last thing before the testimony in the rape case comes on.

"Q. Well, isn't there a good portion of the record in the extortion case exactly the same as the record in the rape case? A. Well, there was additional testimony in the extortion case, and then the whole of the testimony in the rape case went in in the extortion case.

"Q. So the stipulation you are reading now from the extortion case is not the stipulation as would appear in the rape case, and as having been transferred from one record to the other? A. There was just the one stipulation made at that time—that was the time that the extortion case was through—that is, the additional testimony was through; then that stipulation was made, but Mr. Van Duzer had previously made a stipulation at the house to that effect."

Against the objections of defendant the court then permitted the deposition to be read. It is not objected that the depositions were not properly certified. It is contended that this deposition does not come within the statute because it is not a deposition taken upon preliminary examination of the defendant upon the charge upon which he was being tried.

The evidence was offered under the provisions of section 686

of the Penal Code, which, so far as material here, reads as follows: "In a criminal action the defendant is entitled. . . . . 3. To produce witnesses on his behalf, and to be confronted with the witnesses against him, in the presence of the court, except that where the charge has been preliminarily examined before a committing magistrate, and the testimony taken down by question and answer in the presence of the defendant, who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness; or where the testimony of a witness on the part of the people, who is unable to give security for his appearance, has been taken conditionally in the like manner in the presence of the defendant, who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness, the deposition of such witness may be read, upon its being satisfactorily shown to the court that he is dead or insane, or cannot with due diligence be found within the state."

As to that portion of the deposition which was taken before the stipulation was entered into, I can conceive of no theory upon which it can be brought under the provisions of the code. Such testimony was not taken in the presence of the defendant upon the charge then on trial.

The contention that none of the testimony was taken upon a preliminary examination of the charge upon which he was being tried is based upon the proposition that the examination was upon a charge for extortion, while the trial was held to be upon a charge for sending a threatening letter with intent to extort money. The complaint upon which the examination was held is not in the record. It is assumed to have been a charge of extortion rather than for sending a threatening letter, because the attorneys and the court, as well as the stenographer, so designated it when it was offered. It was before the court at the trial, and for aught we know may in fact have been identical with the present charge.

It is incumbent upon the appellant to make error appear. As in civil cases, where there is a specification of insufficiency of the evidence upon some point, we will presume that all the evidence upon such points has been put into the bill of exceptions. Here the bill contains no specifications as to any insuffi-

ciency, unless it be in regard to proof of venue. Under such circumstances this point cannot be sustained.

The objections having been overruled, the district attorney proceeded to read the deposition of Theresa Tarpey, such witness having died.

The threatening letter is alleged to have been sent on the twenty-first day of December, 1895, and as to dates the testimony corresponds with the allegation. The deposition commences by showing when the witness became acquainted with defendant, and then as follows: "Did you meet him in January, 1895? A. Yes, sir. Q. Did you go to any place with him? A. Yes, sir. Q. On or about the fourth day of January, did you go to what place? A. Pacific Heights. Q. In the day or night? A. Night."

At this point the following occurred at the trial: "Mr. Forster.—We object to all that testimony, if your honor please, as not competent, relevant, or material. This defendant is now being tried on a charge of extortion, having extorted through the alleged sending of a certain letter; anything outside of that we object to, and in particular all that matter that is being read.

"The Court.—This is the testimony, I understand, that was given before the committing magistrate on the hearing of that charge? Mr. Forster.—On the charge of rape; this testimony gets into the case by reason of the fact that it was taken during the preliminary examination on the charge of rape.

"The Court.—But it was stipulated as the evidence also in this extortion case. Mr. Forster.—Well, I presume that stipulation would only go so far as the parts are relevant to this case.

"The Court.—It is admissible because it was stipulated; it is what the magistrate had before him; it is what the woman swore to; it seems she is dead, and they can't bring her here. Mr. Forster.—Well, we will renew the objection.

"The Court.—Well, I will overrule the objection. Mr. Forster.—Exception. Well, I wish, if your honor please, to have a general objection go on record as to all the testimony outside of the actual sending of this letter, and have it understood that that is objected to, and objection overruled and exception taken.

"Mr. Black.—That is the objection; there is no doubt about that. (Continuing reading.)"

The witness then proceeded to relate circumstantially the commission of the crime of rape upon her person by the defendant on the fourth day of January, 1895, which was, lacking just fourteen days, one year before the sending of the threatening letter. It was not claimed that there was any connection between the charge of rape and the offense for the commission of which defendant was being prosecuted, other than that the testimony was given at the preliminary examination, or rather, by virtue of the stipulation, was to be deemed as so given. It was not admitted because relevant or material, but "because it was stipulated." No evidence could possibly be better calculated to create a prejudice against the defendant, and nothing could be more obviously irrelevant. Page after page of it was read with remarks of counsel and the judge in the police court. Even there, much of the evidence was objected to, and the judge let it all in without ruling upon its admissibility, taking it subject to a motion to strike out.

The third charge upon which defendant was examined was a charge of enticing a female to become an inmate in a house of prostitution. When this charge was reached during the examination in the police court, as appeared from the notes of the evidence read at the trial, the attention of the witness was called to her complaint. In the superior court the following occurred:

"Mr. Forster.—We again renew our objection at this point, if your honor please, on the same ground, that all this matter is irrelevant, and immaterial, and not bearing on the issues in this case. The Court.—Well, it is her testimony, given under this charge, isn't it?

"Mr. Forster.—On the charge of rape, as I understand it. The Court.—Of course, I suppose it would be admissible as showing the relations of these parties.

"Mr. Forster (after discussion).—Well, do I understand, your honor, to let this testimony go in? The Court.—Yes, sir.

"Mr. Forster.—Exception. The Court.—It goes in by stipulation of counsel and parties.

"Mr. Forster.—Well, if that is the case, just consider that I have objected. With Mr. Black's consent it is stipulated that

I object to all of this testimony outside of the direct testimony in relation to the sending of the letter."

The testimony was then read, and contained a long statement of how the defendant enticed her to a disreputable house; his promise to get someone "to show her how," etc. She also stated that he compelled her to go there; that she went because she was afraid of him; and there consorted with Chinamen, giving defendant the wages of her shame.

All this was alleged to have happened some two months after the sending of the threatening letter, and could not have thrown any light upon that charge, and it was not and is not claimed that it did. It was admitted because of the stipulation, and because the witness was dead at the time of the trial.

There was no stipulation that the testimony could be read in evidence anywhere. All that the stipulation purported to be was that the evidence taken should be considered as taken in each of the three charges. So far as the preliminary examination was concerned, it should apply to all. There was no intent to stipulate to anything beyond. The deposition was not taken for the purpose of being read as evidence upon the trial. It was so read because of the death of the witness, which was not a thing to be anticipated.

Conceding that the testimony was taken at a preliminary examination upon which he was then being prosecuted, there is no use of a stipulation. The ruling was then based upon the proposition that all the evidence taken before a committing magistrate can, in the event of the death of the witness, be read at the trial, though not relevant, material, or competent, and yet injurious in the highest degree. I shall assume that there is no occasion for argument on such a proposition.

There are other alleged errors in regard to the admission of testimony, but there must be a new trial, and most likely the same rulings will not be repeated.

I am not able to make out from the record that the defendant has been denied a speedy trial.

It is only fair to the defendant to state that evidence was produced in his behalf which tended to prove that Theresa Tarpey, upon her deathbed, retracted all she had said in reference to the charge of rape, and for enticing her to a house of pros-

titution; that she sent for defendant's mother and sister and made the retraction to them, and also signed a statement to that effect before a notary, who verified the same as a witness. The defendant, also, on oath, denied their truth.

Judgment and order reversed, and a new trial granted.

McFarland, J., and Henshaw, J., concurred.