[Crim. No. 30.   First Appellate District.—February 7, 1906.]

## THE PEOPLE, Respondent, v. WILLIAM FLANNERY, Appellant.

CRIMINAL LAW—GRAND LARCENY—EVIDENCE.—In a prosecution for grand larceny, the evidence reviewed and held sufficient to sustain a judgment of conviction.

ID.—DEPOSITION TAKEN BEFORE MAGISTRATE—ABSENCE OF WITNESS FROM STATE—DUE DILIGENCE TO PRODUCE.—Under section 686 of the Penal Code, when a witness has been examined at the preliminary examination before the committing magistrate, and his testimony taken down by question and answer, in the presence of the defendant, who has, either in person or by counsel, cross-examined, or had an opportunity to cross-examine, the witness, the deposition of such witness may be read at the subsequent trial of the defendant, upon its being satisfactorily shown to the court that he is dead, or insane, or cannot with due diligence be found within the state. The fact that the prosecution, at the time of the examination, knew the witness would be absent at the time of the trial, and failed to request the magistrate to order him to be put under

bonds to secure his appearance, in accordance with section 879 of the Penal Code, was not a failure to exercise "due diligence" to produce the witness, and does not render his deposition inadmissible at the trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

J. J. Guilfoyle, for Appellant.

U. S. Webb, Attorney General, for Respondent.

HALL, J.—Defendant was convicted of the crime of grand larceny, and appeals from the judgment and the order denying his motion for a new trial.

He was charged with stealing a diamond pin from the person of Walter N. Kelly. The only grounds urged for a reversal are that the evidence is insufficient to justify the verdict, and that the court erred in allowing the deposition of one L. R. Sargent, taken at the examination of the defendant before the committing magistrate, to be read at the trial. The evidence in the record strongly tends to show that defendant stole the diamond pin from Kelly. Kelly and his friend, Lieutenant L. R. Sargent, were returning from a visit to the U. S. Steamship "New York," and boarded a car of the Sutter street line. Kelly took a position on the front platform with his back to the front door. When near Powell street defendant and three other men got on the car, which was then quite crowded. Defendant took a position directly in front of Kelly, and placed his left arm, upon which he carried an overcoat, against Kelly's breast, and kept it there until the car approached Taylor street, when he said: "Excuse me, I will go inside," and passed into the car. Kelly at once placed his hand to his scarf, and found that his diamond pin, which he had felt of and found in its place just before boarding the car, was gone. Kelly followed the defendant, who passed through the car and immediately jumped off. Kelly and Sargent followed, and Kelly taxed defendant with the theft. They were then joined by the other

three men, who had boarded the car with the defendant. Defendant finally offered to take up a subscription among his friends and pay for the pin, but the episode finally ended in a fight. Shortly after Kelly examined carefully his scarf, and found that some cotton in the makeup of the scarf had been pulled through where the pin (it was a screw stud) had apparently been pulled out of the scarf. The matter particularly urged is that it is not shown that the pin was in place at any time subsequent to the time when Kelly felt it just before boarding the car near the waterfront; but we think the jury were amply justified in believing that it remained in its proper place until it was deftly removed by defendant.

As to the alleged error in allowing the deposition of the witness Sargent to be read, it is now urged that it was not shown that he was out of the state at the time of the trial, or could not, with due diligence, be found within the state. An examination of the record, however, discloses that the real point of the objection made to the reading of the deposition was that the prosecution, after learning from the testimony of Sargent, taken at the examination, that he expected to leave for Chile in a few days with his ship, the United States steamship "New York," did not move the magistrate to place him under bonds to appear and testify at the trial. It was shown that Sargent gave his testimony before the magistrate September 27, 1904, and left with his ship the following Monday, and that the ship was bound for Valparaiso, Chile, and that Sargent did not expect to return to California until the following March. The trial took place in November, 1904; and throughout the discussion that took place between the court and counsel it seems to have been conceded that Sargent was out of the state, and had been ever since the cause had been set for trial. As before stated, the real point of the objection was that the prosecution had not caused the witness to be put under bonds to appear at the trial. The colloquy between the court and defendant's counsel ended as follows: "The Court: Your objection narrows down, then, to the point that this deposition is not available because due diligence was not exercised to produce the witness? Mr. McCloskey: That is the point. The Court: That under section 879 of the Penal Code it was incumbent upon the people, in order to avail themselves of this testimony at this time, to

move the magistrate to order that the witness be put under bonds to secure his appearance, and that, having failed to bring that matter to the attention of the magistrate, they are deprived now of the right to offer his deposition.   Mr. McCloskey: That is the point.''

The objection made at the trial was not tenable, and was properly overruled.   Under section 686, when a witness has been examined at the examination before the magistrate, and his testimony taken down by question and answer in the presence of the defendant, who has, either in person or by counsel, cross-examined, or had an opportunity to cross-examine, the witness, the deposition of such witness may be read, upon its being satisfactorily shown to the court that he is dead, or insane, or cannot with due diligence be found within the state.   The testimony having been properly taken, the prosecution was not required to cause the witness to be put under bonds.

The judgment and order are affirmed.

Harrison, P. J., and Cooper, J., concurred.