[Crim. No. 1309. Second Appellate District, Division Two.—March
10, 1926.]

## THE PEOPLE, Respondent, v. THOMAS MYERS, Appellant.

[1] CRIMINAL LAW—TESTIMONY OF WITNESS AT PRELIMINARY EX-
AMINATION—OBJECTIONS SUSTAINED TO QUESTIONS ON CROSS-EXAMI-
NATION—READING TESTIMONY TO JURY.—The fact that the com-
mitting magistrate sustained objections to defendant's questions
put to a witness at the preliminary examination does not bar the
prosecution, on the trial in the superior court, from reading to the
jury the testimony of such witness under section 686 of the Penal
Code, which provides that evidence may be received in that form
only when the defendant is "cross-examined or had an opportu-
nity to cross-examine the witness" at the preliminary examina-
tion, where the rulings of the committing magistrate are correct.

[2] ID.—RULING UPON OBJECTIONS—POWER OF COMMITTING MAGIS-
TRATE.—The committing magistrate has the power to rule upon
objections to evidence offered during the preliminary examina-
tion.

[3] ID.—APPEARANCE OF WITNESS—SERVICE OF SUBPOENA—CONTINU-
ANCE OF CASE—ABSENCE FROM STATE—READING OF TESTIMONY.—
The fact that a witness appeared in court in response to a
subpoena on the day the trial was originally set for, and there-
after disobeyed the court's instructions by not appearing on the
day to which the case was continued and on the day when the
trial was commenced, did not constitute a valid objection to the
reading to the jury of his testimony given on a preliminary ex-
amination, where it was shown that he left the state after the
original setting of the case and continued absent therefrom until
when his testimony was read at the trial.

[4] ID.—SECTION 686, PENAL CODE—PURPOSE OF.—The purpose of
section 686 of the Penal Code was to enable the prosecution to
introduce in evidence the superior court testimony which was
taken at a preliminary examination when the witness cannot be
found in the state at the time of the trial or at a time so near
the date of the trial and under such circumstances that the trial
judge may determine that his attendance cannot be had at the
actual trial.

1. Use of testimony on preliminary examination, notes, 15
A. L. R. 495; 21 A. L. R. 662.
4. See 8 Cal. Jur. 128.

[5] ID. — DUE DILIGENCE — SUBPOENA. — The service of a subpoena, rather than militating against the right to use the preliminary testimony, was an act constituting a part of that due diligence which the prosecution was bound to show as a foundation for the exercise of the right.

[6] ID.—TESTIMONY TAKEN AT PRELIMINARY EXAMINATION—SECTION 879, PENAL CODE.—It is not necessary to invoke the provisions of section 879 of the Penal Code, which provide that whenever a judge is satisfied by proof on oath that there is reason to believe that a witness in a criminal case will not appear to testify at the trial he may order the witness to enter into a written undertaking securing his attendance, as a prerequisite to the use at the trial of testimony taken at a preliminary examination.

[7] ID.—PERMANENT ABSENCE FROM STATE—EVIDENCE.—Under section 686 of the Penal Code, in order to permit the reading of the testimony of a witness taken at a preliminary examination, it is not necessary to show that the witness is not only absent from the state, but that he is permanently absent.

[8] ID.—RIGHT TO BE CONFRONTED BY WITNESSES—CONSTITUTIONAL LAW —STATUTES.—There is no provision in the constitution of this state securing to an accused the right to be confronted by the witness against him, the right herein being preserved merely by statute.

[9] ID. — ABSENT WITNESS — CROSS-EXAMINATION ON PRELIMINARY HEARING—WITHDRAWAL—READING OF WHOLE TESTIMONY.—In a prosecution for burglary, the trial court did not err in refusing to allow the defendant, when the testimony of an absent witness given on the preliminary examination was offered, to withdraw the cross-examination which defendant's counsel had conducted at the preliminary hearing; nor did the trial court commit error in permitting the prosecution, over defendant's objection, to read the cross-examination to the jury along with direct examination.

[10] ID.—EVIDENCE.—CROSS-EXAMINATION.—A cross-examination is as much a part of testimony given by a witness, or of a deposition in which it is found, as is the direct examination.

---

(1) 16 C. J., p. 630, n. 52, 53, p. 757, n. 50.    (2) 16 C. J., p. 328, n. 68 New.    (3) 16 C. J., p. 758, n. 55.    (4) 16 C. J., p. 758, n. 55. (5) 16 C. J., p. 758, n. 57.    (6) 16 C. J., p. 758, n. 55.    (7) 16 C. J., p. 758, n. 55.    (8) 16 C. J., p. 836, n. 39, p. 839, n. 74.    (9) 16 C. J., p. 757, n. 50.    (10) 16 C. J., p. 757, n. 50.

5.  See 8 Cal. Jur. 130.
6.  See 8 Cal. Jur. 131.
8.  See 7 Cal. Jur. 930.
10.  See 27 Cal. Jur. 92.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Ira F. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Otto Christensen for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and James S. Howie for Respondent.

WORKS, J.—Defendant was convicted of the crime of burglary and appeals from the judgment of conviction and from an order of the trial court denying his motion for a new trial.

[1] Over the objection of appellant the trial court permitted the prosecution to read to the jury the testimony of one Bush which was given at appellant's preliminary examination before the committing magistrate. Section 686 of the Penal Code provides that evidence may be received in that form only when the defendant has "cross-examined or had an opportunity to cross-examine the witness" at the preliminary examination. Appellant contends that the right contemplated by this section is the right fully and completely to cross-examine, and that in the present instance the right was abridged because the magistrate sustained objections to proper questions put to the witness by appellant's counsel. Appellant argues thoroughly the proposition that the right to cross-examine referred to in section 686 is of the breadth for which he contends, and cites authority in support of his argument, but he presents neither argument nor authority upon the question touching the rulings of the magistrate, which he says were erroneous. We have merely the assertion that the rulings were improper. Under such circumstances we deem it more than sufficient to say that we have examined the record and that it appears to us that the rulings were correct. Granting for the sake of argument that they were not correct, we do not decide whether or not the fact would operate altogether to exclude the testimony from admission in the superior court. [2] The magistrate, of course, had the power to rule upon

objections to evidence offered during the preliminary examination. (See Pen. Code, sec. 869, subd. 3; *People* v. *Riley*, 75 Cal. 98 [16 Pac. 544].)

[3] The next question presented by appellant also concerns the reception in evidence of the testimony of Bush taken at the preliminary examination. The cause had been set down for trial on June 22, 1925. Bush was in attendance on that day in response to a subpoena which had been served upon him. The hearing was continued to June 30th and all witnesses were instructed by the court to return at that time. When the day came Bush was not present in court, but all witnesses were admonished by the court to return on July 9th, to which date the hearing was then continued. On that day the trial was commenced and it proceeded without interruption to a conclusion. It is contended that under these conditions the trial court erred in receiving in evidence the testimony of Bush which was taken at the preliminary examination. The admission of testimony in that form is governed by the provisions of section 686 of the Penal Code, already mentioned. The enactment provides in part that testimony heard at a preliminary examination may be read on a trial in the superior court when it is shown that the witness "is dead or insane, or cannot with due diligence be found within the state." The prosecution endeavored to bring itself within this provision by proof that Bush left the state after June 22d and continued absent therefrom until the time when his testimony at the preliminary examination was read at the trial, and the evidence was such that the trial judge would have been justified in so finding. Appellant contends that this evidence was not sufficient as a foundation for the admission of the testimony in question. It is said that Bush, within the meaning of section 686, was found within the state when the subpoena was served upon him which required his presence in court on June 22d, and that a search for him within the state was unavailing under the statute after that service, after he had appeared on the day named in response thereto, and after he had failed to appear at later sessions under instructions from the court so to do and was in contempt of court for his derelictions. It is remarked, to state appellant's contention in his own language, that "the force and effect of the statute has been spent" by the finding of a

witness within the state as Bush was found at the time the subpoena was served upon him requiring him to appear as a witness on June 22d.

No authorities are cited upon this point by either appellant or respondent, and after a diligent search we have found none which exactly touches it. The question does not, however, seem difficult of solution. [4] The purpose of section 686 was to enable the prosecution to introduce in evidence in the superior court testimony which was taken at a preliminary examination when the witness cannot be found in the state at the time of the trial, or, perhaps we had better say at a time so near the date of the trial and under such circumstances that the trial judge may determine that his attendance cannot be had at the actual trial. The beneficent end of the enactment would be largely frustrated if it were held that his presence in the state at some period before the trial, at which time a subpoena was served upon him, would render its provisions inapplicable. To make the applicability of the section depend upon the question whether or not a subpoena had been served would seem, when the purpose of the statute is kept in view, to drag a false quantity into the argument. What difference can it make whether a subpoena is served or not if due diligence, exercised within a proper period before the trial, shows that the actual attendance of the witness cannot be had during the trial? The evidence contained in the testimony taken at the preliminary examination, when such a showing is made, is as much needed in the due administration of justice—and that is what the section is designed to promote—where a subpoena has been previously served as where one has not been served. The adoption of the rule for which appellant contends would make the applicability of section 686 depend upon the elasticity of conscience or lack of fear which might permit a witness to disregard the mandate of process which had been served upon him, and not at all on the diligent exercise, upon the part of the agents of the People, of the duty to procure, if possible, the personal attendance of the witness. We think, indeed, that the service of the subpoena, instead of closing the door upon the right of the prosecution to use at the trial Bush's testimony taken on the preliminary examination, was an important step in the protection and preservation of that right. Having found Bush

in the state at a date so near that upon which the case was expected to be tried, a failure of the prosecution to serve subpoena upon him would have furnished a ground for objection to his testimony taken at the preliminary, the facts as to his disappearance under those circumstances being the same as those now shown by the record. [5] It is clear to us, then, that the service of the subpoena, rather than militating against the right to use the preliminary testimony, was an act constituting a part of that due diligence which the prosecution was bound to show as a foundation for the exercise of the right.

It is insisted that the testimony of Bush at the preliminary examination was inadmissible, for the reason that the prosecution knew that he was about to absent himself from the state and failed to secure his attendance by the means provided in section 879 of the Penal Code. The section provides that whenever a judge is satisfied by proof on oath that there is reason to believe that a witness in a criminal case will not appear and testify at the trial he may order the witness to enter into a written undertaking securing his attendance. We doubt if the evidence here is sufficient to show that the district attorney had knowledge that Bush was about to leave the state, and could therefore have asked for the relief contemplated by section 879. [6] Passing that question by, however, it has been directly decided that it is not necessary to invoke the provisions of the section as a prerequisite to the use at the trial of testimony taken at a preliminary examination (*People* v. *Flannery,* 3 Cal. App. 41 [84 Pac. 461]). With the conclusion there reached we are satisfied.

[7] It is also contended that Bush's testimony at the preliminary could not properly have been used at the trial unless it were shown that his absence from the state was to be permanent, and no such showing was made. A rule to that effect has been announced in some jurisdictions but it has never prevailed in this state. In those jurisdictions in which the rule obtains the question has usually been discussed in the light of the provisions of constitutions securing to an accused the right to be confronted by the witnesses against him. [8] There is no such provision in the constitution of this state, the right here being preserved merely by statute (Pen. Code, sec. 686; *People* v. *Hayes,* 72

Cal. App. 292 [237 Pac. 390]. It is also to be observed that in some of the states the statutes permit the use at the trial of testimony taken at a preliminary examination or upon a former trial upon a showing that the witness is absent from the state. Also, appellant relies largely upon a case decided in a state in which there is no direct statute "with reference to the introduction of testimony of a witness given upon a former trial or preliminary hearing of the case," the question being there determinable under the rules of the common law (*Davis* v. *State*, 20 Okl. Cr. 203 [201 Pac. 1001]). Here, under section 686, the defendant enjoys the right of being confronted by the witnesses against him, except that such confrontation need not occur when under certain conditions the witnesses have testified at the preliminary examination and "cannot with due diligence be found within the state." We cannot amend the statute by holding that it must be proven, before his previous testimony may be offered, that a witness is not only absent from the state, but is permanently absent. Of course, in laying the foundation for the introduction of testimony taken at a preliminary examination, evidence is often received showing that the witness is actually outside the state, but, considering the form of our statute, such evidence is admissible only for the purpose of showing that he cannot be found within the state. The specific question now presented by appellant apparently has never been considered in this jurisdiction. However, the views above expressed find some support in cases which have held that a showing of due diligence was sufficient where there was evidence that the witness was out of the state at the time of the trial, there being no evidence as to how long the absence was likely to continue. These cases are *People* v. *Grill*, 151 Cal. 592 [91 Pac. 515]; *People* v. *Edwards*, 14 Cal. App. 128 [111 Pac. 263]; *People* v. *Lederer*, 17 Cal. App. 372 [119 Pac. 949]; *People* v. *Poo On*, 49 Cal. App. 219 [192 Pac. 1090]. In one case the showing was held sufficient where it was testified that the absent witness had said that he "wanted to take a trip around on a boat and did not know how long he would be gone—perhaps five or six months" (*People* v. *Ramos*, 52 Cal. App. 491 [199 Pac. 544]).

[9] When the testimony of Bush given at the preliminary examination was offered appellant attempted to withdraw

the cross-examination which his counsel had conducted at the hearing, but he was not allowed to do so. The prosecution was then permitted, over appellant's objection, to read the cross-examination to the jury along with the direct examination. Appellant now contends that in its two rulings the trial court erred. We think the rulings were correct. Section 686 of the Penal Code provides for the admission in evidence of "the deposition" of a witness given at a preliminary examination, not merely of a part of it, that expression being used in the enactment instead of the words "the testimony." A further guide to the solution of the question here presented is found in a rule of evidence governing in civil cases. Sections 2022 and 2032 of the Code of Civil Procedure provide that a deposition taken pursuant to the requirements of that code may be read by either party at the trial. It was said in an opinion construing this provision that "the only authority for the use of depositions is in the provisions of the code which provide that 'the deposition' may be used; . . . but it is not said that portions of them can be used, nor can it be inferred that such was the intention" (*Bank of Orland* v. *Finnell*, 133 Cal. 475 [65 Pac. 976]). [10] A cross-examination is as much a part of testimony given by a witness, or of a deposition in which it is found, as is the direct examination. The point made by appellant is, therefore, without merit.

Judgment and order affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 3, 1926.