[Crim. No. 12367.   Second Dist., Div. Two.   Sept. 19, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. BYRON DONALD HAMILTON, Defendant and Appellant.

Cary G. Branch, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Bradley A. Stoutt, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—Appellant charged with violating Vehicle Code, section 20001 (felony hit and run), moved under Penal Code, section 995, to set aside the information. The motion was denied and he pleaded not guilty. A jury found appellant guilty as charged. His motion for a new trial was denied and he was placed on probation for five years. He appeals from the judgment and order granting probation (Pen. Code, § 1237.)

On February 13, 1965. at about 6:20 p.m., Barbara Jean Federico and her fiance, Joseph Hart, were walking together in a southerly direction on Woodman Avenue. There was no pavement in the area and they were walking on the shoulder of the road. It was twilight. Miss Federico suddenly heard the sound of shattering glass, felt her fiance strike her, and then she fell to the ground. She did not hear an automobile, but rather saw a "blur" that appeared to be an automobile, travelling towards Van Nuys. No one stopped to identify himself as the driver of what was apparently a motor vehicle.

Officer Volz arrived at the scene 20 minutes later. Hart was lying on his back on Woodman Avenue. The back of his head was badly injured. He appeared to the officer to be dead. Small pieces of glass, resembling particles from the headlight of an automobile, were scattered over a wide area.

On the morning of February 14, appellant at the Van Nuys police station told Officer Higgs that his car had been stolen the night before. He filled out a police report and signed it. Officer Higgs observed an injury "on the face" of appellant.

Appellant's automobile was found in a parking lot on February 15. The right front fender, including the headlight and the right side of the windshield were damaged. Blood and hairs were embedded within the molding near the break on the windshield. In addition, blood samples were found on the

right front wind-wing post and on the inside of the left front window of the vehicle.

The testimony of criminalist Leroy A. Howe, at the preliminary hearing, was read into the record. Howe testified that samples of hair found on appellant's automobile and samples taken from the decedent Hart were similar in structure. He could not, however, make a determination as to whether or not they were from the same person. Howe further testified that paint samples taken from the clothing of the victim were identical to paint samples taken from appellant's automobile. Blood samples taken from the vehicle, he stated, were probably human blood.

Appellant on his own behalf testified that on the evening of February 13 he had been drinking at a bar with his employee, Joe Flores. Shortly after 6 p.m., the two left together and went to the parking lot toward their cars. Flores left in his car. Appellant entered his own automobile and as he began to back out of the parking lot he noticed two men standing behind the vehicle. He asked the men to move and, when they refused, words were passed and one of the men began fighting with him. As they fought, the other man got into his automobile.

Appellant and his assailant fell to the ground, the former hitting the back of his head on the ground. The assailant of appellant ran to appellant's car, already occupied by the other man. The two drove away. Appellant, his nose and the back of his head bleeding at the time, chased after his assailant, but the two men already in the car started it and drove away.

Thinking that his attackers would return, appellant waited about 10 minutes and then phoned his wife. He told her to meet him at a relatively distant location. When appellant arrived at the location he saw that his wife had not yet arrived, so he walked to Flores' house. He said that he reported the assault and theft to the police the following morning.

Flores corroborated appellant's story up until the time that he left him at the parking lot of the bar; and testified also, that when appellant arrived at his house, his nose was swollen and he was bleeding from the back of his head.

Dr. Walter J. Peters stated that an examination of appellant on February 17, four days after the alleged assault, revealed that appellant's scalp showed a hard swelling three inches over the left ear. The doctor testified he removed a

stone from the scalp which had been embedded in it over 24 hours. He further stated that appellant told him that he had been kicked by his two assailants while he lay on the ground.

Appellant contends that he was denied due process of law because he was not indicted by a grand jury. He claims that the trial court was without jurisdiction because the Fifth Amendment of the United States Constitution via the Fourteenth Amendment, requires indictment by grand jury by the states.

Conviction upon information does not deprive a defendant of due process. (*Hurtado* v. *California* (1884) 110 U.S. 516, 538 [28 L.Ed. 232, 239, 4 S.Ct. 111]; *People* v. *Raffington,* 98 Cal.App.2d 455, 457-458 [220 P.2d 967], cert. den. 340 U.S. 912 [95 L.Ed. 659, 71 S.Ct. 292].)

Mr. Justice Stewart points out in his dissent in *Griffin* v. *California* (1965) 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229]; 380 U.S. p. 623 [14 L.Ed.2d p. 114]: "The formulation of procedural rules to govern the administration of criminal justice in the various States is properly a matter of local concern. We are charged with no general supervisory power over such matters; our only legitimate function is to prevent violations of the Constitution's commands."

Moreover, no case has ever been decided, holding that the entire Fifth Amendment is incorporated into the Fourteenth. The two applicable cases cited by appellant, *Malloy* v. *Hogan* (1964) 378 U.S. 1 [12 L.Ed.2d 653, 84 S.Ct. 1489] and *Griffin* v. *California, supra,* deal specifically with the incorporation of the Fifth Amendment privilege against self-incrimination.

Appellant next contends that the trial judge erred in giving instructions to the jury relating to the duties imposed by section 20001.[1]

The trial court did give CALJIC 974 (revised). That instruction was appropriate and completely adequate. No

---

[1]Section 20001 of the Vehicle Code provides: "The driver of any vehicle involved in an accident resulting in injury to any person, other than himself, or death of any person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004 . . ."

Section 20003 provides: "The driver of any vehicle involved in an accident resulting in injury to or death of any person shall also give his name, address, the registration number of the vehicle he is driving, the name of the owner, and upon request and if available, exhibit his driver's license to the person struck or the driver or occupants of any vehicle collided with or shall give such information and exhibit his license to any traffic or police officer at the scene of the accident and shall render to any person injured in the accident reasonable assistance . . ."

showing, even remote, suggests that the jury could have been confused as to whether appellant owed a duty to Miss Federico or to the decedent Hart. Sufficient evidence was presented to show that the appellant did not fulfill any of the duties imposed upon him by the statute to either of these two people. Furthermore, appellant's failure to request a clarification of the instructions at the trial court bars him from raising this issue for the first time on appeal. (*People v. Mandell*, 35 Cal.App.2d 368, 373 [95 P.2d 704]; *People v. Robinson*, 180 Cal.App.2d 745, 752 [4 Cal.Rptr. 679]; *People v. Lopez*, 213 Cal.App.2d 668, 674 [28 Cal.Rptr. 912].)

The main thrust of appellant's appeal is that prejudicial error was committed when the trial court permitted the reading of criminalist Leroy Howe's testimony given at appellant's preliminary hearing. Appellant asserts that the evidence was insufficient to show that Howe was unavailable and that consequently his prior testimony could not be read under former Penal Code. section 686, subdivision (3) which permits the introduction of such testimony where it is shown, either that the witness is "out of jurisdiction" or that he cannot, with "due diligence be found within the state." As pointed out by numerous cases, the due diligence requirement is inapplicable where the evidence is sufficient to show that the witness is absent from the state. (*People v. Carswell*, 51 Cal.2d 602, 605 [335 P.2d 99]; *People v. Harding*, 180 Cal.App.2d 152, 155-156 [4 Cal.Rptr. 120]; *People v. Washington*, 248 Cal.App.2d 470, 475-476 [57 Cal.Rptr. 487]). Even a temporary absence from the state is a sufficient compliance to allow the testimony into evidence. (*People v. Hanz*, 190 Cal.App.2d 793, 798-799 [12 Cal.Rptr. 282], cert. den. 368 U.S. 969 [7 L.Ed.2d 398, 82 S.Ct. 444].) To hold, as appellant urges, that both due diligence and a showing of absence from the state is required would be a misreading of the statute.

Sufficient evidence was offered in the present case to show that the witness was out of the state at the time of the trial. "The sufficiency of the showing of the absence of a witness justifying the admission of his testimony given at a former trial is within the discretion of the trial court, . . ." (*Long v. Cal-Western States Life Ins. Co.*, 43 Cal.2d 871, 879 [279 P.2d 43]). This court may not overturn the lower court's ruling in the absence of a showing of an abuse.

A fellow officer testified that Officer Howe left for his vacation on October 2 and that he was told by Howe that he

intended to visit Arizona and Oregon and to return to California during the first week of November. A letter was received from Howe by the district attorney postmarked Parker, Arizona, October 9, 1965, in which the witness stated that he was presently out of California and did not intend to return until November 1, 1965. He said that he had testified at the preliminary hearing and that his testimony at the trial would be the same. The signature on the letter was identified as that of Howe. A telephone call was placed to Howe's California residence during the trial, but the call was not answered.

While it is true, as appellant argues, that the letter from Howe was received 10 days before the trial and possibly more could have been done to ascertain whether he was absent from the state at the date of the trial, we believe that the cumulative evidence presented by the prosecution was sufficient to allow the trial judge to infer that the witness was absent at that time. We do not find an abuse of discretion.

■ Appellant's contention that the prosecution intentionally procured Officer Howe's absence is without merit. It is clear that there is no requirement that diligence be exercised to retain a witness in the state. (*People* v. *Carswell, supra,* at pp. 605-606; *People* v. *Dozier,* 236 Cal.App.2d 94, 104 [45 Cal.Rptr. 770].) Moreover, the record shows that the offer of the prosecution to move for a continuance until the return of Officer Howe was refused by appellant.

■ The reading of Howe's preliminary hearing testimony did not deprive him of his constitutional right to be confronted with adverse witnesses. There is no denial of due process where a defendant cross-examined the adverse witness at the preliminary hearing or had the opportunity to do so. (*People* v. *Ashley,* 42 Cal.2d 246, 272-273 [267 P.2d 271]; *People* v. *Terry,* 180 Cal.App.2d 48, 52-53 [4 Cal.Rptr. 597].)

This procedure is not barred by the holding in *Pointer* v. *Texas* (1965) 380 U.S. 400 [13 L.Ed.2d 923, 85 S.Ct. 1065], that the right of confrontation of witness provided by the Sixth Amendment of the United States Constitution, is applicable to the states by its incorporation into the Fourteenth Amendment. In *Pointer,* evidence obtained at a preliminary hearing was proscribed from being used at trial because there had been no opportunity for cross-examination as the defendant was not represented by counsel at that stage of the proceedings. The *Pointer* opinion seems to contain its own limitations where the court notes that the case would be

"quite a different one" had the witnesses' statement been taken at a "full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine." (380 U.S. at p. 407 [13 L.Ed.2d at p. 928].) In the present case, appellant had the opportunity to cross-examine Howe at the preliminary hearing and adequately took advantage of it.

Appellant's claims that the trial judge erred in ruling that Howe was a properly qualified expert has no merit. The responsibility for determining the competency and qualifications of an expert witness rests with the trial court and its ruling will not be disturbed unless there has been an abuse of discretion. (*Huffman* v. *Lindquist*, 37 Cal.2d 465, 476 [234 P.2d 34, 29 A.L.R.2d 485]; Witkin, California Evidence (2d ed. 1966) 1088.)

Appellant summarily raises six claims of misconduct by the prosecutor and erroneous rulings by the trial court. Several of the contentions are frivolous and we find it unnecessary to discuss any of them in detail. All are without merit.

Finally, appellant contends that the evidence was insufficient to support the verdict of guilty. The correct rule regarding the sufficiency of evidence where circumstantial evidence is involved has been stated in *People* v. *Tom Woo,* 181 Cal. 315, 326 [184 P. 389]: "For it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal . . . it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. . . .

"We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict." "A conviction may not be set aside because the evidence is susceptible of two reasonable inferences, one looking to the guilt of the defendant and the other to his innocence." (*People* v. *Green,* 13 Cal.2d 37, 42 [87 P.2d 821].)

The entire case of the prosecution was proved by circumstantial evidence. The condition of appellant's automobile, the expert testimony and appellant's physical condition together with the jury's apparent disbelief of appellant's explanation (suggesting that there was no honest explanation

for the incriminating circumstances (*People* v. *Osslo*, 50 Cal.2d 75, 93 [323 P.2d 397])), cumulatively comprised the links in the chain which bound appellant to a solid finding of guilt. The evidence of guilt from the bare record is convincing in all respects, but even if it were not persuasive to us, we cannot say that under the test of legal sufficiency any link in the chain of essential proof is missing. (*People* v. *Redrick*, 55 Cal.2d 282, 290 [10 Cal.Rptr. 823, 359 P.2d 255].)

The judgment and order are affirmed.

Herndon, J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 15, 1967.